Jason P. Fowler, Esq. (SBN: 239426)
jason@parris.com
Daniel Eli, Esq. (SBN: 278233)
deli@parris.com
Aaron Ehsanipour, Esq. (SBN: 365699)
aehsanipour@parris.com
**PARRIS LAW FIRM**
43364 10th Street West
Lancaster, California 93534
www.parris.com
Telephone: (661) 949-2595
Facsimile: (661) 949-7524

Attorneys for Defendant *Estrada*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLSTATE NORTHBROOK INDEMNITY COMPANY,<br><br>Plaintiff<br><br>v.<br><br>RENAYE ESTRADA, an individual; and ANDRES NAVARRO, an individual,<br><br>Defendants | **Case No.: 5:26−cv−01042−DTB**<br><br>**DEFENDANT RENAYE ESTRADA'S AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIM**<br><br>Complaint Filed: March 5, 2026<br>Trial Date: *None Set* |

## INTRODUCTION

1. In answer to Paragraph 1 of the Complaint, Defendant Renaye Estrada maintains that this is an introductory statement, not alleged fact, to which no response is required.

## PARTIES

2. In answer to Paragraph 2 of the Complaint, Defendant Renaye Estrada is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3. In answer to Paragraph 3 of the Complaint, Defendant Renaye Estrada admits that she is a citizen and resident of the State of California.

4. In answer to Paragraph 4 of the Complaint, Defendant Renaye Estrada is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## JURISDICTION AND VENUE

5. In answer to Paragraph 5 of the Complaint, Defendant Renaye Estrada maintains that this is a purported statement of the law, not alleged fact, to which no response is required.

6. In answer to Paragraph 6 of the Complaint, Defendant Renaye Estrada maintains that this is a purported statement of law, not alleged fact, to which no response is required.

## FACTUAL ALLEGATIONS

7. In answer to Paragraph 7 of the Complaint, Defendant Renaye Estrada is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

/ / /

8. In answer to Paragraph 8 of the Complaint, Defendant Renaye Estrada admits the allegations of this paragraph.

9. In answer to Paragraph 9 of the Complaint, Defendant Renaye Estrada maintains that this paragraph contains conclusions of law, not alleged facts, to which no response is required.

10. In answer to Paragraph 10 of the Complaint, Defendant Renaye Estrada admits that she submitted a bodily injury claim to Allstate. Defendant Renaye Estrada admits that Allstate made an offer to settle her claim in October 2022. Defendant Renaye Estrada admits that Allstate sent her attorneys, the Parris Law Firm, a proposed release.

11. In answer to Paragraph 11 of the Complaint, Defendant Renaye Estrada admits that the Parris Law Firm sent a letter to Allstate dated December 16, 2022. The letter speaks for itself. To the extent the allegations in this Paragraph are inconsistent with the contents of the letter they are hereby denied.

12. In answer to Paragraph 12 of the Complaint, Defendant Renaye Estrada admits that on May 12, 2023, an attorney at the Parris Law Firm sent an email to Allstate regarding settlement of Defendant Renaye Estrada's claim. The letter speaks for itself. To the extent the allegations in this Paragraph are inconsistent with the contents of the letter they are hereby denied.

13. In answer to Paragraph 13 of the Complaint, Defendant Renaye Estrada maintains that this paragraph contains conclusions of law, not alleged facts, to which no response is required. As to the remaining allegations of this Paragraph, Defendant Renaye Estrada is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

14. In answer to Paragraph 14 of the Complaint, Defendant Renaye Estrada admits that she filed a civil lawsuit against Defendant Andres Navarro, titled *Estrada v. Navarro*, et. al., Case No. 23AVCV00597 in Los Angeles County Superior Court ("Underlying Action"). Defendant Renaye Estrada is without sufficient knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

15. In answer to Paragraph 15 of the Complaint, Defendant Renaye Estrada is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16. In answer to Paragraph 16 of the Complaint, Defendant Renaye Estrada admits the allegations the allegations of this paragraph.

17. In answer to Paragraph 17 of the Complaint, Defendant Renaye Estrada maintains that this paragraph contains conclusions of law, not alleged facts, to which no response is required.

## FIRST CLAIM FOR RELIEF

18. In answer to Paragraph 18 of the Complaint, Defendant Renaye Estrada incorporates paragraphs 1 through 17 above, as though fully set forth herein.

19. In answer to Paragraph 19 of the Complaint, Defendant Renaye Estrada maintains that this is a purported statement of the law, not alleged fact, to which no response is required. To the extent that this Court believes a response is required, Defendant Renaye Estrada denies each and every allegation contained therein.

20. In answer to Paragraph 20 of the Complaint, Defendant Renaye Estrada admits that Allstate breached its duties to Defendant Andres Navarro by unreasonably refusing to settle her Claim and/or the Underlying Action within the policy limit. Defendant Renaye Estrada admits that Allstate is liable for the full amount of the Judgment. As for the rest of the allegations contained in the paragraph, Defendant Renaye Estrada maintains that these are purported statements of law, not alleged fact, to which no response is required. To the extent that this Court believes a response is required, Defendant Renaye Estrada denies each and every allegation remaining contained therein.

/ / /

21. In answer to Paragraph 21 of the Complaint, Defendant Renaye Estrada maintains that this is a purported statement of the law, not alleged fact, to which no response is required. To the extent that this Court believes a response is required, Defendant Renaye Estrada denies each and every allegation contained therein.

## PRAYER FOR RELIEF

1. In answer to Paragraph 1 of the Prayer for Relief, Defendant Renaye Estrada denies that Allstate is entitled to the requested relief.

2. In answer to Paragraph 2 of the Prayer for Relief, Defendant Renaye Estrada denies that Allstate is entitled to the requested relief.

3. In answer to Paragraph 3 of the Prayer for Relief, Defendant Renaye Estrada denies that Allstate is entitled to the requested relief.

4. In answer to Paragraph 4 of the Prayer for Relief, Defendant Renaye Estrada denies that Allstate is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Defendant Renaye Estrada alleges each and every of the following separate Affirmative Defenses to each cause of action asserted against her in the Complaint, the applicability of which will be determined through the course of investigation and discovery:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

As a First Affirmative Defense, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Breach of the Implied Covenant of Good Faith and Fair Dealings)**

As a Second Affirmative Defense, Defendant alleges that Plaintiff's Complaint and all purported causes of action alleged therein are barred by Plaintiff's breach of the Implied Covenant of Good Faith and Fair Dealings.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel/Waiver/Laches)**

As a Third Affirmative Defense, Defendant alleges that Plaintiff's claims and causes of actions are barred by the doctrines of waiver, estoppel, and/or laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As a Fourth Affirmative Defense, Defendant alleges that Plaintiff is barred from any recovery by the equitable doctrine of unclean hands

**FIFTH AFFIRMATIVE DEFENSE**

**(No Justiciable Controversy)**

As a Fifth Affirmative Defense, Defendant alleges that Plaintiff's Complaint does not state a justiciable controversy warranting a judicial declaration.

/ / /

/ / /

**SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

As a Sixth Affirmative Defense, Defendant alleges that Plaintiff's claim is not the proper subject for declaratory relief because there is an adequate remedy at law.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Right to Amend an Other Defenses)**

As a Seventh Affirmative Defense, Defendants reserve the right to amend this answer and defenses, to assert additional affirmative defenses, and to supplement, alter or change this answer upon revelation of more definitive facts by Plaintiff or other parties, and upon the undertaking of discovery and an investigation of this matter.

**PRAYER FOR RELIEF**

**WHEREFORE,** Defendant prays for judgment in her favor as follows:

1. That the Court deny Plaintiff's request for a judicial declaration;
2. That the Court enter a judicial declaration holding that Plaintiff is liable for payment of the entire judgment entered in the Underlying Action, including portions in excess of the Allstate's policy limits.
3. That Defendant be awarded costs of suit incurred herein;
4. That Defendant be awarded reasonable attorneys' fees incurred herein, pursuant to applicable law; and
5. For such other relief as this Court may deem just and proper.

Dated: June 30, 2026

**PARRIS LAW FIRM**

*/s/ Daniel Eli*
Daniel Eli
Aaron Ehsanipour
Attorneys for Defendant Renaye Estrada

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial of all claims against her.

Dated: June 30, 2026

**PARRIS LAW FIRM**

*/s/ Daniel Eli*
Daniel Eli
Aaron Ehsanipour
Attorneys for Defendant Renaye Estrada

## COUNTERCLAIM

COMES NOW Counterclaimant RENAYE ESTRADA ("ESTRADA") and alleges the following as against Plaintiff ALLSTATE NORTHRBOOK INDEMNITY INSURANCE COMPANY ("ALLSTATE"):

## GENERAL ALLEGATIONS

**A. Parties to The Counterclaim.**

1. At all times relevant herein ESTRADA was and is an individual and resident of the State of California.

2. At all times relevant herein ALLSTATE was and is a corporation or business entity of an unknown form authorized to transact and transacting insurance business in the State of California.

**B. Allstate Policy.**

3. ALLSTATE insured DEFENDANT ANDRES NAVARRO ("NAVARRO") under a written policy of automobile liability insurance, the same being policy number 967-495-726 (hereinafter "Allstate Policy").

4. The Allstate Policy included liability coverage, subject to maximum bodily injury policy limits of $15,000 per person and $30,000 per accident.

5. Pursuant to the terms of the Allstate Policy, ALLSTATE was obligated to defend, indemnify, and where appropriate, settle any claims against NAVARRO arising out of the use of a covered automobile.

**C. The Collision.**

6. On or about June 9, 2021, NAVARRO operating an automobile when he was involved in automobile collision ("Collision"). Defendant Renaye Estrada was a passenger in said automobile at the time of the Collision. As a result of the Collision, ESTRADA suffered significant injuries.

7. At the time of the Collision, NAVARRO was insured under the Allstate Policy.

8. At the time of the Collision, NAVARRO was driving an automobile insured under the Allstate Policy.

**D. <u>Allstate's Pre-Litigation Failure to Settle.</u>**

9. In June or July 2021, ESTRADA submitted a bodily injury claim to ALLSTATE arising out of the Collision ("Estrada Personal Injury Claim").

10. In October 2022, ALLSTATE offered to settle ESTRADA's claim for the Allstate Policy's bodily injury limits of $15,000 and sent ESTRADA's attorneys a proposed release.

11. On December 2022, ESTRADA's attorneys communicated that ESTRADA was interested in settling her claim for the policy limits, but needed to confirm that was all the available insurance afforded to NAVARRO. ESTRADA's attorneys requested a declaration from NAVARRO confirming that the Allstate Policy was the only policy available for the loss. ESTRADA's attorneys also requested a certified copy of the Allstate Policy. Finally, ESTRADA's counsel advised that there was no settlement until ALLSTATE provided the requested documentation and the parties reached an agreement on the language of a release agreement. ESTRADA's counsel requested the documentation no later than December 30, 2022.

12. On December 23, 2022, ALLSTATE acknowledged receipt of ESTRADA's demand and advised it would obtain a written declaration from NAVARRO.

13. On May 12, 2023, ESTRADA's counsel wrote to ALLSTATE to follow up on the status of obtaining the requested documentation. ESTRADA's counsel also proposed several revisions to the proposed release agreement, including a provision exempting a release of the United States Marine Corp. or anyone else who was vicariously liable for NAVARRO's conduct.

14. ALLSTATE responded on May 24, 2023, acknowledging receipt of the May 12, 2023, email, advising that it had not received a signed declaration from NAVARRO and that it was reviewing the requested changes to the declaration.

15. On July 11, 2023, ESTRADA's followed up, again, with ALLSTATE regarding the status of the signed declaration from NAVARRO and proposed changes to the release. ALLSTATE responded the same day by providing the signed declaration. Despite having over two months to do so, ALLSTATE advised that it is "following up" on the status of the requested changes to the release.

16. By August 4, 2023, almost a month later, ALLSTATE had yet to respond to the requested changes. ESTRADA's counsel again wrote to ALLSTATE to inquire regarding the status of the requested changes. ALLSTATE responded on August 7, 2023, with a list of purported question from its counsel and inquired whether ESTRADA would agree to make the settlement contingent of a "good faith settlement determination by the court". On August 18, 2023, ESTRADA's counsel responded to ALLSTATE and advised that she would be agreeable to a "good faith settlement" determination.

17. By October 9, 2023, almost five months after ESTRADA requested the changes to the release, ALLSTATE had yet to respond to the requested changes or propose different modifications to the proposed released agreement. On October 9, 2023, ESTRADA's counsel advised ALLSTATE that she was withdrawing her settlement offer and pursuing litigation against NAVARRO.

**E. <u>The Underlying *Estrada v. Navarro* Action</u>**

18. As a result of ALLSTATE's failure to accept ESTRADA's settlement demand and proposed language into the release, on June 2, 2023, ESTRADA initiated a lawsuit against NAVARRO, the same being Los Angeles County Superior Court Case No. 23AVCV00597 (hereinafter "Underlying Action").

19. On or about February 20, 2026, ESTRADA served a Code of Civil Procedure Section 998 Offer to Compromise to take judgment against NAVARRO for approximately $5 million.

20. On or about March 5, 2026, NAVARRO accepted ESTRADA's Code of Civil Procedure Section 998 Offer to Compromise. ALLSTATE approved/consented to NAVARRO's acceptance of ESTRADA's offer to compromise.

21. ESTRADA, NAVARRO, and ALLSTATE subsequently reached an agreement, with ALLSTATE's consent, pursuant to which NAVARRO agreed to assign to ESTRADA certain rights against ALLSTATE in exchange for which ESTRADA agreed not to execute the $5 million stipulated judgment ("Excess Judgment") against NAVARRO's personal assets.

22. ALLSTATE's conduct prior to the initiation of the Underlying Action was unreasonable and in breach of the Implied Covenant of Good Faith and Fair Dealings. As a consequence, ALLSTATE was, and is, liable for the entire amount of the Excess Judgment against NAVARRO, together with any costs/interests awarded and accrued post-judgment interest.

**FIRST CAUSE OF ACTION**

**BREACH OF THE IMPLIED COVENANT**

**OF GOOD FAITH AND FAIR DEALINGS**

***(BY ESTRADA AGAINST ALLSTATE)***

23. ESTRADA incorporates by reference all of the paragraphs above, as though fully set forth at length herein.

24. Implied in the insurance policy issued to NAVARRO by ALLSTATE was a covenant of good faith and fair dealing, pursuant to which, NAVARRO was required to give NAVARRO's interests equal consideration with its own interests, and to deal fairly and in good faith, and openly, with NAVARRO. Furthermore, ALLSTATE was not to take steps to deny benefits for which NAVARRO had contracted. The Allstate Policy was purchased to provide peace of mind and protection, and NAVARRO relied upon the contract of insurance, and the covenants implied therein, to protect his interests against covered losses.

25. The damages claimed by ESTRADA arising out of the Collision were covered by the Allstate Policy. Moreover, ALLSTATE was provided with adequate and proper notice of the existence and nature of the claims asserted by ESTRADA, and of NAVARRO's liability of such claims.

26. ALLSTATE rejected multiple settlement demands made by ESTRADA within the policy limits, acceptance of which would have fully protected NAVARRO from any liability in excess of the policy limits of the Allstate Policy.

27. At the time ESTRADA made the settlement demands, ALLSTATE knew that the potential judgment was likely to exceed the amounts of the settlement demand.

28. Based on information and belief, ALLSTATE took or failed to take the following actions in breach of the Implied Covenant of Good Faith and Fair Dealings;

a. Failing to properly investigate the claims brought against NAVARRO by ESTRADA;

b. Failing and unreasonably refusing to pay the benefits due under the insurance contract, which include, but are not limited to, payment of amounts due under the policy and settling ESTRADA's claim within the limits of the Allstate Policy when given ample opportunities to do so;

c. Failing to properly communicate with NAVARRO concerning the claims alleged against him by ESTRADA;

d. Unreasonably delaying in its evaluation of ESTRADA's settlement demand, including ESTRADA's request for changes to the proposed release agreement;

e. Failing to advise ESTRADA of policy provisions which ALLSTATE now contends prevented it from accepting the changes to the proposed release agreement requested by ESTRADA;

f. Violating the legal standards set forth in Insurance Code section 790.03 and the regulations issued by the California Department of Insurance, which are generally referred to as the California Fair Claims Settlement Practice Regulations; and

g. Other acts and conduct of which DEFENDANTS are not currently aware, but may be discovered through discovery in the instant matter and presented at trial.

29. As a proximate result of ALLSTATE's actions, as set forth above, NAVARRO became indebted to ESTRADA by virtue of the Excess Judgment in an amount that exceeds the amount of the limits of the Allstate Policy.

30. ALLSTATE breached the implied covenant of good faith and fair dealing arising from the above-referenced insurance policy, as well as arising from the Excess Judgment against NAVARRO, and is therefore liable for all damages proximately caused by such breach.

31. Based on information and belief, ALLSTATE's conduct was deliberate, calculated, and intentional, and was undertaken by ALLSTATE despite actual knowledge that it will inflict substantial economic harm on NAVARRO. Such conduct was done in the conscious disregard of NAVARRO's rights, and with an aim toward protecting only the ALLSTATE's economic interests at the expense of NAVARRO's interests.

## PRAYER FOR RELIEF

**WHEREFORE,** ESTRADA prays for judgment in her favor as follows:

1. For economic damages in an amount to be proven at trial;
2. For the full amount of the Excess Judgment and Interest Cost/Award;
3. For interest on the Excess Judgment;
4. For attorneys' fees and costs of suit herein incurred;
5. For such and further relief as the court may deem proper.

Dated: June 30, 2026

**PARRIS LAW FIRM**

*/s/ Daniel Eli*

Daniel Eli
Aaron Ehsanipour
Attorneys for Defendant Renaye Estrada

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial of all claims asserted.

Dated: June 30, 2026

**PARRIS LAW FIRM**

*/s/ Daniel Eli*
Daniel Eli
Aaron Ehsanipour
Attorneys for Defendant Renaye Estrada

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 43364 10th Street West, Lancaster, California 93534.

I hereby certify that on June 30, 2026, I served the above and foregoing **DEFENDANT RENAYE ESTRADA'S AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIM** by causing true and accurate copies of such paper to be filed and transmitted to the persons shown below as follows:

| | |
|---|---|
| **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>Peter H. Klee<br>(pklee@sheppard.com)<br>Marc J. Feldman<br>(mfeldman@sheppard.com)<br>Luke W. Nelson<br>(lnelson@sheppard.com)<br>501 West Broadway, 18th Floor<br>San Diego, California 92101-3598<br>Telephone: 619.338.6500<br>Facsimile: 619.234.3815 | *Attorneys for Plaintiff Allstate Northbrook Indemnity Company* |

[ X ] **BY ELECTRONIC FILING/SERVICE as follows:** I electronically transmitted the attached document to the Clerk's Office using the Court's CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants identified above. Per ECF rules, hard copies must be served only on those parties who are not set up for electronic notification.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*/s/ Jacqueline Meza*
Jacqueline Meza